[Civ. No. 10158.  First Appellate District, Division Two.—August 28, 1936.]

THE PEOPLE ex rel. CITY OF ALAMEDA, Respondent, v. KENNETH C. SMITH, Appellant.

Breed, Burpee & Robinson for Appellant.

U. S. Webb, Attorney-General, Leon French, Deputy Attorney-General, and Wm. J. Locke for Respondent.

NOURSE, P. J.—Plaintiffs sued in *quo warranto* to determine the validity of the removal of the appellant as a member of the board of education of the city of Alameda. From an adverse judgment the appellant has appealed on the clerk's transcript which includes a statement of facts upon which the case was tried.

In conformity with the provisions of section 8½ of article XI of the Constitution, the Alameda charter provided for the appointment of five members of the city board of education. Such appointments are to be made by the mayor with the approval and consent of the city council, and vacancies are to be filled in the same manner.

Section 20 of article XIII of the city charter provides that "members or appointees on boards or commissions, created or appointed by the Mayor or City Council, may be removed by a majority vote of said council."

The appellant was a duly appointed and qualified member of the board of education for a term expiring April 30, 1937. On April 29, 1935, the city council, by a majority vote, removed appellant and approved the mayor's appointment of another to fill the vacancy thereby created. ■ The sole question involved on this appeal is whether the provisions of the charter just quoted authorize this procedure. The appellant takes the position that the section relates only to

boards or commissions which are engaged solely in the purely governmental functions of the municipal corporation as distinguished from those of the school district. Some color is given this position by the wording of section 2 of article XIII of the charter reading that where a department, board, or officer is mentioned in the charter it means one of the ''City of Alameda.'' The respondents argue that the purpose of this section is merely to prevent the repetition of the words ''City of Alameda'' wherever reference is made to a department, board, or officer, and we are inclined to the same view.

The provisions of section 20, although clumsily arranged, are open to the construction adopted by the trial court—that they authorize the city council to remove any member of a board or commission whose original appointment has been made by the mayor or city council. This is emphasized by the changes which have been made in the wording of the section. In the original charter approved in 1917 (Stats. 1917, p. 1787) this section contained an exception prohibiting the removal of members of the several boards vested with the conduct of the government of the city. In 1933 (Stats. 1933, p. 3255) the section was amended to give the power to remove members or appointees ''on all boards or commissions *created or provided for* by this charter.'' The broad scope of this amendment ran counter to other provisions of the charter relating to the several boards and commissions which were either created or provided for by the charter, and the amendment of 1934 to section 20 was apparently adopted to confine this power of removal to the members or appointees on boards or commissions where the original appointment had been made by the mayor or city council under the authority of the charter.

The judgment is affirmed.

Sturtevant, J., concurred.